REBECCA M. BROWNING v. SLEDGE & BROWNING.

1. The maker of a promissory note may pay the same in any way he and the holder may agree upon, provided the maker has no notice that the bearer had the note for collection only.
2. Payment in other notes instead of money made by the maker to the bearer, who had an interest in the note—*held*, good against the owner unless knowledge be brought to the maker of the agency of the holder.

APPEAL from Washington. Tried below before the Hon. J. M. Onins.

This is a suit by R. M. Compton, executrix, as holder of a promissory note of date ninth of January, 1860, for $975, executed by King, Sledge & Co. to P. W. McNeese or bearer. The loss of the note was alleged.

The defendant, Sledge, plead payment in full.

The testimony showed that J. D. Giddings, A. G. Compton (plaintiff's testator), P. W. McNeese and A. M. Lewis had hired certain negroes from one Applewhite to work on the W. C. Railroad. The work was afterwards let by contract to King, Sledge & Co., who assumed the liability incurred for the hire of the Applewhite negroes. To secure the amount assumed, they executed to P. W. McNeese the note sued on.

About the maturity of the note Sledge found it in the hands of A. M. Lewis, and paid it to him by transferring

a note on one Johnson, secured by a lien on land, Johnson being solvent. Lewis endorsed the note, "Paid in full," and surrendered it to Sledge.

Subsequently, McNeese parted with his claim to the note to Compton, the appellant's testator.

The testimony was somewhat conflicting between McNeese and Sledge, both of whom were examined.

The judge instructed the jury as follows:

"If you believe that A. M. Lewis was one of the beneficiaries of the note executed by King, Sledge & Co., he had the authority to settle it in any manner that might be agreed upon between him and Sledge.

"If you find that the defendant, Sledge, paid the note to A. M. Lewis, and that it was delivered by Lewis to Sledge, or settled in full, it is immaterial how or in what it was paid."

Verdict and judgment for defendants.

Appeal by plaintiff.

*Giddings & Morris*, for appellant.—There is a marked distinction between partners and joint owners. (Story on Prom. Notes, §§ 255 and 239.)

In notes payable to joint payees, all must endorse to transfer. (Doug. Rep., 659, Carrick v. Vickery; Chitty on Bills, 66; Story on Prom. Notes, Note P, 311; 29 Texas, 360, Trammell v. McDade.)

An agent or attorney cannot, without express authority, receive payment for a note in anything but money. (Story on Prom. Notes, § 389; Chitty on Bills, 438; 26 Texas, 730, Wright v. Dailey.)

*Sayles & Bassetts*, for appellees, cited 5 Texas, 515, Greneaux v. Wheeler.

OGDEN, J.—Appellant, as the executrix of Alexander G. Compton, deceased, brought this suit on a promissory

note for the sum of $975, executed to Parrott W. McNeese, and transferred by McNeese to appellant's testator. The plaintiff below, in her petition, alleged the loss of the note sued on.

The defendant set up full payment, satisfaction and cancellation of the note, and on the trial produced the note, endorsed satisfied and cancelled by A. M. Lewis.

It was in proof that the defendant, Sledge, had paid the note to Lewis by transferring the note of Johnson in lieu thereof, and that Lewis thereupon receipted the note sued on. It is contended for appellant that as the note was placed in the hands of Lewis, an attorney, for collection, he had no authority to receive anything in payment therefor but money, and that the exchange of this for the Johnson note is not binding on her, and that she now has the right to demand payment on the Sledge note. The note, however, is payable to bearer, and it is in proof that Lewis at one time at least had an interest in the note, and the maker swears that at the time of payment, or exchange of notes, he knew that Lewis was interested in the note, and knew nothing of its being placed in his hands for collection. In view of this testimony, we think it wholly immaterial whether the note was placed in Lewis' hands for collection or not, since the maker had no notice of any such facts.

The cause was submitted to a jury under proper instructions from the court, and they found a verdict for the defendant, and under the facts proven we think they were authorized in their finding. The judgment is therefore affirmed.

AFFIRMED.